UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Randolph/Ada, LLC. | ) | |
| | ) | Case No.   12-40194 |
| | ) | |
| Debtor | ) | Judge Pamela S. Hollis |

### NOTICE OF HEARING

To: See attached service list

    **PLEASE TAKE NOTICE** that **Thursday, May 2, 2013** on at the hour of **10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before Judge Hollis in Courtroom 644 of the United States Bankruptcy Court, Everett McKinley Dirksen Building, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting such judge's place and stead, and shall then and there present the attached **OBJECTION TO CLAIM NO. 7: ADAP, INC.**, a copy of which is attached hereto and is hereby served upon you. You may appear and be heard if you choose.

                                                   By: /s/Karen J. Porter
                                                   Karen J. Porter (Atty No 6188626)
                                                   **PORTER LAW NETWORK**
                                                   230 West Monroe, Suite 240
                                                   312-372-4400
                                                   Fax 312-372-4160

### CERTIFICATE OF SERVICE

    I, Karen J. Porter, an attorney, certify that I caused a true and correct of this Notice and Objection to be served on the attached service list as indicated on the attached service list from my offices located at 230 West Monroe, Suite 240, Chicago, Illinois, 60606 on March 27, 2013.

                                                   /s/Karen J. Porter

**Randolph/Ada LLC**
**Case No. 12-40194**
**Service List**

Via regular mail

Adap, Inc.
c/o Alla Dovbak
731 E. Chester Road
Wheeling, IL 60090

Via ECM Electronic Filing

Patrick S Layng
Office of the United States Trustee
219 South Dearborn Street
8th Floor
Chicago, Il 60604

Thomas B Fullerton
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

Brian M. Dougherty
William H. Hrabak, Jr.
Goldstine, Skrodzki, Russian, Nemec and
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527

Jay A Andrew
Riebandt & DeWald, P C
1237 S Arlington Heights Road
Arlington Heights, IL 60005

Steven D Mroczkowski
Sosin, Arnold & Leibforth, Ltd.
9501 W. 144th Place, Ste. 205
Orland Park, IL 60462

Peter G Swan
Emalfarb Swan and Bain
440 Central Avenue
Highland Park, IL 60035

Stephen Burriesci
Law Office of Stephen Burriesci
200 W. Adams, Suite 1005
Chicago, IL 60606

Robert T Metz
The Law Office of Mark E Edison P.C.
1415 West 22nd Street Tower Floor
Oak Brook, IL 60523

John M. Brom
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604

Jerome W. Pinderski, Jr.
Pinderski & Pinderski Ltd
115 W Colfax
Palatine, IL 60067

Via regular mail

Igor Gabal
5479 N. Milwaukee
Chicago, Il 60630

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Randolph/Ada, LLC. | ) | |
| | ) | Case No. 12-40194 |
| | ) | |
| Debtor | ) | Judge Pamela S. Hollis |

## OBJECTION TO CLAIM NO 7: ADAP, INC.

Randolph/Ada, LLC (the "Debtor") debtor and debtor in possession, by and through its undersigned attorneys, pursuant to 11 U.S.C. §502(a) and Fed. R. Bankr. P 3007(a), objects to the allowance of the claim asserted by Adap, Inc. docketed on the Debtor's Claim Register as Claim No 7. In support of the Objection, Debtor states as follows.

## INTRODUCTION

1. Debtor commenced a voluntary chapter 11 bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") on October 10, 2012 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

2. Debtor is an Illinois limited liability company that owned the real property and improvements located at 1342 West Randolph Street in Chicago, Illinois.

3. Debtor has continued to manage its business and property as a debtor-in-possession, with all the rights of a trustee, as provided by §§1107 and 1108 of the Code.

4. No trustee or creditors committee has been appointed in this case.

5. The court has jurisdiction of this matter pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B) and (O).

## THE CLAIM

6. On November 12, 2012, the Debtor filed an Amended Schedule F which listed Adap, Inc. as the holder of a disputed unsecured claim for a promissory note in the amount of $350,000.00.

7. On January 11, 2013, Adap, Inc. filed a proof of claim and the claim was designated as claim number 7. The claim is for the amount of $350,000.00. The claim asserts that it is a secured claim and a priority claim. A copy of the claim is attached to this Objection as Exhibit A.

## THE OBJECTIONS TO THE CLAIM

8. Debtor objects to the allowance of the claim as a secured claim and as a priority claim.

9. Section 506 of the Code provides:

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

10. A promissory note does not create a lien against property of the Debtor. The documentation attached to the proof of claim does not include any document that would establish the Adap, Inc. holds a lien or security interest against any property of the Debtor or the chapter 11 estate or that Adap, Inc. has any right of setoff.

11. Debtor requests that the court disallow the claim as a secured claim.

12. The claim asserts that the claim is entitled to priority under 11 U.S.C §507(a)(7), which provides priority for "allowed unsecured claims of individuals, to the extent of $1,800 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."

13. Section 507(a)(7) is not applicable to the claim. Adap, Inc. is not an individual. The documentation attached to the claim does not establish that the claim arose from a deposit for the purchase of property or services for an individual's personal family or household use.

14. There is no other basis that a promissory note would be granted priority status under section 507 of the Code.

15. Debtor requests that the court disallow the claim as a priority claim.

WHEREFORE, the Debtor, Randolph/Ada, LLC prays for an entry of an order disallowing claim number 7 held by Adap, Inc. as a secured claim and as a priority claim and ; and for such other and different relief as this Court deems proper and just.

        Respectfully submitted,
        RANDOLPH/ADA, LLC.
        By: _/s/Karen J. Porter
        One of its Attorneys

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, IL 60606
(312) 372-4400
Fax (312) 372-4160
Atty No 6188626

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: RANDOLPH/Ada, LLC 5479 N. MILWAUKEE CHICAGO, IL 60630 | Case Number: 12-40194 | FILED UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS JAN 11 2013 KENNETH S. GARDNER, CLERK MAILROOM - KCK |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): ADAP, INC. c/o ALLA DOVBAK 731 EASTCHESTER RD WHEELING, IL 60090

Name and address where notices should be sent:
ADAP, INC
c/o ALLA DOVBAK
731 EASTCHESTER RD  WHEELING, IL 60090
Telephone number: 847/738-2205   email: jp4insurance@aol.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
— SAME AS ABOVE —

Telephone number:   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 350,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** PROMISSORY NOTE
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 3461 | 3a. Debtor may have scheduled account as: NORTH AMERICAN ASSET MGT GROUP MILLENIUM CHRG GROUP (?) (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $ 2,200,000. (Sale price: $2,700,000.00)

Annual Interest Rate _____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: _____

Amount of Secured Claim: $ _____

Amount Unsecured: $ 350,000.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☒ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority: $ 350,000.00

(promissory note, enclosed)

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT A**

B 10 (Official Form 10) (12/12)  3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Official Form 10) (12/12) 2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: ALLA DOVBAK
Title: PRESIDENT
Company: ADAP INC
Address and telephone number (if different from notice address above):

(Signature) *Alla Dovbak*   (Date) 1/10/13

Telephone number:   email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

$350,000.00                                                                                           March __, 2006

### PROMISSORY NOTE

**THIS PROMISSORY NOTE** is made as of the date stated above by **RANDOLPH/ADA, LLC**, an Illinois limited liability company ("Borrower"), with a mailing address at 5479 North Milwaukee Avenue, Chicago, Illinois 60630 to the order of **ADAP, INC.**, an Illinois corporation ("Lender"), with a mailing address at 731 East Chester Road, Wheeling, Illinois 60090.

### ARTICLE I
### PAYMENT

FOR VALUE RECEIVED, Borrower hereby promises to pay to the order of Lender, at Lender's office at the address stated above or such other place as Lender may from time to time designate in writing to Borrower, the principal amount of **THREE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($350,000.00)** or so much as may now or hereafter be disbursed by Lender to or for the benefit of Borrower, together with interest, in repayment of a loan made by Lender to Borrower (the "Loan"), all in lawful money of the United States of America as follows:

1.1    **Payment of Principal and Other Indebtedness at Maturity.** The principal amount of the Note in the amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) ("Principal") and other Indebtedness (as defined below) shall be paid on the Maturity Date (as defined below). The term "Indebtedness" shall mean Principal and thirty-three and one third percent (33.3%) of the "Net Sales Income" from the sale of all of the condominium units to be constructed at 1342 West Randolph Street, Chicago, Illinois. The entire Indebtedness shall be due and payable on the later of (i) the sale of the last condominium unit and (ii) **March 30, 2009** ("Maturity Date"). "Net Sales Income" shall be defined as the gross sales price for all the condominium units less real estate tax credits granted to the buyers, real estate transfer taxes paid by Borrower as seller to the State of Illinois and County of Cook, broker's commissions incurred in conjunction with the sale of the condominium units, and such other costs and expenses as are normal and customary for the sale of residential condominium units in Chicago, Illinois (including reasonable attorneys' fees).

1.2    **Loan Expenses.** Borrower agrees to pay or reimburse Lender for all Loan expenses, including, but not limited to, recording charges, title insurance charges, escrow charges, cost of surveys, fees of outside appraisers, and reasonable attorneys' fees (including fees of attorneys employed directly by Lender).

## ARTICLE II
## SECURITY, DEFAULTS AND REMEDIES

2.1     **Events of Default.** The following constitute events of default under this Note ("Default"): (a) Borrower's failure to pay any amount of Indebtedness when due, whether interest, principal or otherwise and whether as an installment, on the Maturity Date or otherwise which failure continues for a period of more than ten (10) days; (b) Borrower's failure to observe or perform any term of this Note (other than the payment of Indebtedness) and such failure continues for more than twenty-one (21) days after the earlier of Borrower's becoming aware of such failure or the effective date of written notice thereof by Lender; or (c) filing of formal charges against Borrower or any of its officers, directors or shareholders, or affiliates or guarantors, by any governmental or quasi-governmental entity, including, without limitation, the issuance of an indictment under any federal or state law, including without limitation, the Racketeer Influenced and Corrupt Organizations Act of 1970 or other similar federal or state law, for which forfeiture of assets is a potential penalty

2.2     **Acceleration of Maturity.** At any time after the occurrence of a Default not cured within any applicable period of grace (if any), Lender may, at its option, declare the entire principal balance under this Note, and all other Indebtedness (including all sums expended by Lender in connection with such Default) to be immediately due and payable without necessity of notice to Borrower, and Lender may exercise all remedies available to it.

2.3     **Attorneys' Fees.** If any counsel is employed, retained or engaged (a) to collect the Indebtedness or any part thereof, whether or not legal proceedings are instituted by Lender; or (b) to represent Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note.

2.4     **Lender's Remedies.** Upon the occurrence of a Default not cured within any applicable grace period (if any), Lender, at its option, may exercise any rights and remedies against Borrower or with respect to this Note which Lender may have at law, at equity or otherwise. Lender's remedies under this Note shall be cumulative and concurrent and may be pursued singly, successively, or together against any or all of Borrower and any other Obligors (as defined below). Lender may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in Lender's sole discretion. Failure of Lender, for any period of time or on more than one occasion, to exercise its option to accelerate the Maturity Date shall not constitute a waiver of that right at any time during the Default or in the event of any subsequent Default. Lender shall not by any other omission or act be deemed to waive any of its rights or remedies unless such waiver is written and signed by an officer of Lender, and then only to the extent specifically set forth. A waiver in connection with one event shall not be construed as continuing or as a bar to or waiver of any right or remedy in connection with a subsequent event.

2

## ARTICLE III
## OTHER MATTERS

3.1 **Notices.** Except for any notice required under applicable law to be given in another manner, any notices required or given under this Note shall be in writing and shall be deemed to have been properly given, served and received (i) if delivered by messenger, when delivered, (ii) if mailed in the United States mail, certified or registered, postage prepaid, return receipt requested, on the third business day after deposit in the mail, or (iii) if delivered by reputable overnight express courier, freight prepaid, the next business day after delivery to such courier. Notices shall be given to Borrower at the address stated above and to Lender at Lender's address stated above. Any party hereto may change the address to which notices are given by notice as provided herein.

3.2 **Governing Law.** The State of Illinois is the place of negotiation, execution, delivery, and payment of this Note. Thus, this Note shall be governed by and construed in accordance with the laws of the State of Illinois.

3.3 **Waivers, Consents, Etc.** Borrower, each guarantor hereof, if any, and any and all others who are now or may become liable for all or part of the Indebtedness and obligations of Borrower under this Note (all referred to individually as "Obligor" and collectively as "Obligors") agree to be jointly and severally, and directly and primarily bound by this Note. Obligors jointly and severally (a) waive and renounce any and all redemption and exemption rights and the benefit of all valuation and appraisement privileges; (b) waive presentment and demand for payment, notices of non-payment and of dishonor, protest of dishonor, and notice of protest; (c) except as specifically required herein, waive all notices in connection with the performance, default, or enforcement or collection of this Note; (d) waive any and all lack of diligence and delays in the enforcement or collection of the Note; (e) agree that the liability of each Obligor shall be unconditional and without regard to the liability of any other person or entity, and shall not in any manner be affected by any indulgence or forbearance granted or consented to by Lender; (f) consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to payment or other provisions of this Note, and to the release of any security at any time given, with or without substitution, and to the release of any person or entity liable for the payment thereof; and (g) consent to the addition of any and all other makers, endorsers, guarantors, and other Obligors, and to the acceptance of any and all other security, and agree that the addition of any such Obligors or security shall not affect the liability of any Obligor.

3.4 **Interpretation.** The heading of sections and paragraphs in this Note are for convenience of reference only and shall not be construed in any way to limit or define the content, scope, or intent of the provisions. The use of singular and plural nouns, and masculine, feminine, and neuter pronouns, shall be fully interchangeable, where the context so requires. If any provision of this Note, or any paragraph, sentence, clause, phrase, or word, or the application thereof, in any circumstances, is adjudicated to be invalid or unenforceable, the validity or enforceability of the remainder of this Note shall be construed as if such invalid or unenforceable part were never included. Time is of the essence of this Note.

3.5 **Business Loan.** Borrower hereby represents that: (a) the proceeds of the Loan will be used for the purposes specified in 815 ILCS 205/4(1)(a) or (c); (b) the Loan constitutes a

3

"Business Loan" within the purview of those Sections; and (c) the proceeds of the Loan will not be used for the purchase of registered equity securities within the purview of Regulation "U" issued by the Board of Governors of the Federal Reserve System.

     3.6    **Interest Laws**. Lender and Borrower intend to comply with the laws of the State of Illinois with regard to the rate of interest charged. Notwithstanding any provision to the contrary in this Note, no such provision shall require the payment or permit the collection of any amount ("Excess Interest") in excess of the maximum amount of interest or loan charges permitted by law to be charged for the use or detention, or the forbearance in the collection, of all or any portion of the Indebtedness. If any Excess Interest is provided for, or is adjudicated to be provided for, in this Note, then in such event (a) the provisions of this paragraph shall govern and control; (b) neither Borrower nor any of the other Obligors shall be obligated to pay any Excess Interest; (c) any Excess Interest that Lender may have received shall, at the option of Lender, be (i) applied as a credit against the then outstanding principal balance of the Loan or against the accrued and unpaid interest thereon not to exceed the maximum amount permitted by law, (ii) refunded to the payor, or (iii) so applied or refunded in any combination of the foregoing; (d) the applicable interest rate or loan charges shall be reduced to the maximum lawful contract rate allowed under the applicable usury laws of the State, and this Note shall be deemed to have been, and shall be, reformed and modified to reflect such reduction in the applicable interest rate or loan charges; and (e) neither Borrower nor any of the other Obligors shall have any action against Lender for any damages whatsoever arising out of the payment or collection of Excess Interest.

     3.7    **Subsequent Holders**. Upon any endorsement, assignment, or other transfer of this Note by Lender or by operation of law, the term "Lender", shall mean such endorsee, assignee, or other transferee or successor to Lender then becoming the holder of this Note.

     3.8    **Subsequent Obligors**. This Note shall be binding on all persons claiming under or through Borrower. The terms "Borrower" and "Obligors", as used herein, shall include the respective successors, assigns, legal and personal representatives, executors, administrators, devisees, legatees, and heirs of Borrower and any other Obligors.

**IN WITNESS WHEREOF**, Borrower has caused this Note to be executed as of the date first stated above.

                                                     **RANDOLPH/ADA, LLC**, an Illinois limited liability company

                                                     By: _____
                                                            Igor Gabal, Manager

F:\CEM\CLOSINGS\MILLENNIUM\NOTE-RANDOLPH.DOC



**Check 1:**

JOANNA PRISIAJNIOUK
108 N SCHOENBECK RD
PROSPECT HEIGHTS IL 60070

1007
2-2666/710
6100175361

Date: 1/21/06

Pay to the order of: North American Asset Management LLC    $30,000.00

Thirty Thousand and 00/100 Dollars

HARRIS BANK
Harris Trust and Savings Bank

Minimum Check Amount $500.00

Signature: Joanna Prisiajniouk

⑃071025661⑃ 6100175361⑃ 811007

**Check 2:**

OFFICIAL CHECK                                    726024005
                                                   10-66/220

JANUARY 21, 2006

Pay to the order of: NORTH AMERICAN ASSET MGM. GR. LLC. ****    $190,000.00

ONE HUNDRED NINETY THOUSAND DOLLARS AND 00 CENTS    Dollars

National City
National City Bank of the Midwest

Remitter: ALLA DOVBAK

Drawer: National City Bank of the Midwest
AUTHORIZED SIGNATURE: Lisa Muenich

Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Citibank, N.A., Buffalo, NY

⑃23076⑃ ⑃022000868⑃ 5800726024005⑃

JOANNA PRISIAJNICHK
106 N SCHOENBECK RD
PROSPECT HEIGHTS IL 60070

1006

Date 6/27/05

2-2566/710
6100175361

Pay to the order of _Millennium Care Group, Inc._  $ 100,000

_One hundred thousand and 00/100_ _____ Dollars

HARRIS BANK.
Harris Trust and Savings Bank

Minimum Check Amount $500.00

For _Deposit E.M. Fox_
_1342 W. Randolph_

⑈071025661⑈ 6100175361⑈ 811006